IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIE SCHATTLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:07-CV-0757-P |
| BRINKER INTERNATIONAL, INC., | § | |
| and BRINKER INTERNATIONAL | § | |
| PAYROLL COMPANY, L.P., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Now before the Court is Plaintiff Julie Schattle's Motion for Summary Judgment filed June 9, 2008. Defendants Brinker International, Inc. and Brinker International Payroll Company, L.P. (together, "Brinker") filed their Response June 30, 2008. A Reply was filed July 15, 2008. Also pending before the Court is Brinker's Motion to File Surreply filed July 25, 2008.

After careful consideration of the parties' briefing, the evidence, and the law, the Motion for Summary Judgment is DENIED. Because the Court does not rely on the Surreply in reaching this result, the Motion to File Surreply is denied as MOOT.

**I.   Background**

Brinker is a casual dining restaurant company with over 1600 restaurants under brands which include Chili's Grill & Bar, Romano's Macaroni Grill, On the Border Mexican Grill & Cantina, and Maggiano's Little Italy. (Brinker's Resp. Mot. Summ. J. ("Resp.") 2.) Plaintiff Julie Schattle began working for Brinker in October 1997. (First Am. Compl. ¶ 6.) Schattle became pregnant in 2005 and notified Brinker of her intent to take pregnancy leave. (*Id.*) Immediately before taking her leave,

Schattle was the Senior Director of Defendant Brinker's Consumer Insights and Competitive Intelligence Group (the "Insights group"). In that position, Schattle performed consumer marketing and insight research for some of Brinker's restaurant brands. (Mot. Summ. J. ("Mot.") App. Ex. A (deposition of Rebeca Johnson).) Schattle's budget in that position was around $5 million and she had two to four direct reports. (*Id.*; Mot. App. Ex. B (deposition of Lisa Miller).)

In July or August 2005, Schattle was informed of the decision to remove her from the Insights position and transfer her to the Innovations group within Brinker. (Mot. App. Ex. B; Resp. 4 & App. 24; Reply App. Ex. D (deposition of Julie Schattle at 118–20).) Schattle was on Family Medical Leave Act ("FMLA") maternity leave from September 2005 until December 20, 2005. (Resp. 5.) In her position with Innovations, Schattle dealt with a budget of only $2.5 million. (*Id.*) Schattle's pay and benefits remained the same in the Innovations group as they had been in Insights. (Resp. App. 34.)

Plaintiff Julie Schattle now moves this Court to grant summary judgment on the narrow issue of whether Brinker failed to restore Schattle to either (1) the same position she held before her FMLA leave; or (2) an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment. (Mot. 2 (citing 29 U.S.C. § 2614(a)).) Brinker argues that (1) Schattle was transferred to Innovations before her FMLA leave and had no right to be returned to Insights upon her return; (2) the two positions were equivalent; and (3) Schattle has not suffered any damages as a result of the transfer.

## II. Legal Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine

issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial. *See Celotex*, 477 U.S. at 323. However, all evidence and reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Once the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). The party defending against the motion for summary judgment cannot defeat the motion unless he provides specific facts demonstrating a genuine issue of material fact, such that a reasonable jury might return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent a summary judgment. *See id.* at 249–50. In other words, conclusory statements, speculation, and unsubstantiated assertions will not suffice to defeat a motion for summary judgment. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc); *see also Abbott v. Equity Group, Inc.*, 2 F.3d 613, 619 (5th Cir. 1993) ("[U]nsubstantiated assertions are not competent summary judgment evidence." (citing *Celotex*, 477 U.S. at 324)). Further, a court has no duty to search the record for evidence of genuine issues. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Where the movant will not bear the burden of proof at trial, it need only establish an absence of evidence to support the movant's claim. *Celotex*, 477 U.S. at 325.

### III. Analysis

The Family and Medical Leave Act of 1993 gives eligible employees the right to take temporary medical leave from work in certain circumstances. 29 U.S.C. § 2601(b)(1)–(2); *Hunt v. Rapides Healthcare Sys.*, 277 F.3d 757, 763 (5th Cir. 2001). For instance, the FMLA provides twelve weeks of leave per year for the birth of a child. 29 U.S.C. § 2612(a)(1)(A). When the employee returns from FMLA leave, the employee is generally restored to his former position of employment, or an equivalent position with respect to pay and benefits. 29 U.S.C. § 2614(a)(1).

### A. The Right to Be Restored to the Insights Position.

Schattle's own testimony indicates that the decision to remove her from Insights was made before she took her FMLA leave. (Reply App. Ex. D (deposition of Julie Schattle at 118).) If the employment action occurred before the leave, it would preclude her right to be restored to her Insights position after returning from leave.[1] Some evidence exists that Schattle, although she was informed that the decision had been made to remove her from her Insights position, continued to perform in that capacity until she took her FMLA leave. (Reply App. Ex. D (deposition of Julie Schattle at 118–30).) Schattle argues in her Reply that her testimony and contradicting evidence, establish as a matter of law that she was not transferred to Innovations until after she returned from leave. (Reply 4.) On the contrary, however, this conflicting evidence precludes summary judgment on the issue of when and why Schattle was transferred. A genuine issue remains as this is not the stage for determinations of credibility.

---

[1] The Court notes that a claim for FMLA retaliation may lie if Schattle can show that she was protected under the FMLA, the transfer to Innovations was "an adverse employment decision," and the decision was motivated by her taking FMLA leave. *See Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). That claim is not now before the Court for disposition by summary judgment.

B.     **The Equivalence of the Positions.**

An equivalent position is "virtually identical to the employee's former position in terms of pay, benefits and working conditions, including privileges, prerequisites and status. It must involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority." 29 C.F.R. § 825.215(a). The position should also have similar opportunities for promotion and for salary increase. *Smith v. E. Baton Rouge Parish Sch. Bd.*, 453 F.3d 650, 651(5th Cir. 2006). Also relevant is other employees' perceptions of the prestige and desirability of the positions. *Id.* Changes such as a reduction in travel schedule, a change in office, a new performance goal, and losses or additions of minor responsibilities shall be considered *de minimis* and do not give rise to FMLA liability. *Id.* at 652 (citing *Montgomery v. Maryland*, 266 F.3d 334 (4th Cir. 2001)); *see also Chandler v. La Quinta Inns, Inc.*, 264 Fed. Appx. 422, 424 (5th Cir. 2008); *Meadows v. Texar Fed. Credit Union*, No. 5:05-cv-0158, 2007 U.S. Dist. LEXIS 4456, at *91–92 (E.D. Tex. Jan. 22, 2007). Schattle does not dispute that her pay and benefits remained the same in her Innovations position, but rather that her duties and responsibilities render the positions unequal. (Mot. 5–8.) Conflicting evidence in support of the responsibilities and prestige exists such that summary judgment is not appropriate.

Schattle's duties in Insights included research for all Brinker brands. (Mot. App. Ex. A (deposition of Rebeca Johnson at 85).) Her projects per month ranged between 50 and 60 in her Insights position, she supervised the budget, reported directly to a senior vice president, and had employees reporting directly to her. (*Id.* (deposition of Rebeca Johnson at 153).) On the other hand, at Innovations Schattle only worked on two to three projects during her eight weeks with that group. (Mot. App. Ex. B (deposition of Lisa Miller at 67–79).) Schattle's budget was cut in her new

position and she reported to a vice president instead of a senior vice president as she had in Insights; she had no budget oversight authority and no direct reports. (Mot. 7.)

Evidence is presented that the move from Insights to Innovations was not uncommon and was not perceived as a demotion in prestige. That is, at least two other employees, Lisa Miller and Paulette Kish, had made a move from Insights to Innovations. (Reply App. Ex. D (deposition of Julie Schattle at 150)).) Schattle called Kish to discuss the transition and Kish was "very positive." (*Id.* at 151.) However, the evidence also reveals differences in the duties and the responsibilities of the two positions and perhaps differences in the perception of the positions. The evidence is also unclear as to whether the opportunity for advancement was the same in the two positions. Because there is conflicting evidence creating an issue of fact as to the equivalence of the Insights and Innovations positions, summary judgment is not proper.[2]

### IV.   Conclusion

After careful consideration of the parties' briefing, the evidence, and the law, the Motion for Summary Judgment is DENIED. Because the Court does not rely on the Surreply in reaching this result, the Motion to File Surreply is denied as MOOT.

**IT IS SO ORDERED.**

Signed August 21, 2008.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

---

[2] Evidence is also presented that Brinker's decision to remove Schattle was because of poor performance. (Resp. 3 and sources cited therein.)